United States Court of Appeals,

Fifth Circuit.

No. 91–3792.

UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff–Appellant,

v.

LOOP, INC., Defendant–Appellee.

May 21, 1992.

Appeal from the United States District Court For the Eastern District of Louisiana.

Before WISDOM, REYNALDO G. GARZA, and JONES, Circuit Judges.

PER CURIAM:

The only issue before this Court is whether the Louisiana Oilfield Indemnity Act[1] applies to the facilities of LOOP, Inc.,[2] a corporation engaged in receiving oil from supertankers at its deepwater terminal, storing that oil in its land-based salt dome caverns, and distributing that oil to various refineries.

The plaintiff-appellant argues that the wells supplying the oil stored in LOOP's salt domes bring LOOP's facilities within the scope of the Act. The Act declares that any indemnity provision contained in an agreement "pertaining to a well for oil, gas, or water, or drilling for minerals ... is void and unenforceable...."[3] The district court held that because these wells are not used in the exploration, development, or extracting of oil, they do not suffice to bring LOOP's facilities within the scope of the Act 769 F.Supp. 210. The district court recognized that there was a fundamental difference, for purposes of the Act, between wells that are incidental to production and those that are incidental to storage facilities only.

---

[1] La.Rev.Stat.Ann. § 9:2780 (West 1991).

[2] LOOP is an acronym for Louisiana Offshore Oil Port.

[3] La.Rev.Stat.Ann. § 9:2780(B) (West 1991).

This Court recently interpreted this Act and held that "if (but only if) the agreement (1) pertains to a well *and* (2) is related to exploration, development, production, or transportation of oil, gas, or water, will the Act invalidate any indemnity provision contained in or collateral to that agreement."[4] The *Transcontinental* Court suggested several factors to be considered in determining when natural gas pertained to a well. These factors concern the "functional and geographic nexus between "a well' and the structure or facility that is the object of the agreement under scrutiny".[5] Although the Court did not specify that the "well" must be a well incidental to the production of oil or gas, such a requirement is implicit in the Court's discussion of the Act.

The opinion of the district court is well-reasoned and is consistent with the opinion of this Court in *Transcontinental.* We AFFIRM for the reasons stated by the district court.[6]

---

[4]*Transcontinental Gas Pipe Line Corp. v. Transportation Insurance Co.,* 953 F.2d 985 (5th Cir.1992), *reh'g and reh'g en banc denied,* 958 F.2d 622 (5th Cir.1992) (emphasis in original).

[5]*Transcontinental,* 953 F.2d at 995.

[6]Our decision is bolstered by the fact that the Louisiana Fourth Circuit Court of Appeal recently adopted the district court's opinion in this case as its own opinion in a case concerning the identical issue before the Court today. *Cantrelle v. Danos & Curole Marine Contractors, Inc.,* No. 91–CA–0131, slip op. at 3–6 (Jan. 16, 1992) (unpublished disposition reported at 592 So.2d 13) *writ denied,* No. 92–C–0696 (May 1, 1992). The court noted that the holding was also consistent with both *Griffin v. Tenneco Oil Co.,* 519 So.2d 1194 (La.App. 4th Cir.), *writ denied,* 521 So.2d 1154 (La.1988) and *Murray v. Trunkline Gas Co.,* 544 So.2d 28 (La.App. 4th Cir.), *writ denied,* 547 So.2d 1317 (La.1989).